Dear Mr. Palmer:
As a member of the Fourteenth Judicial District Indigent Defender Board, you have requested an opinion regarding the nature of the board's status as an entity and its consequent privileges and obligations and also regarding the questions of whether it must follow the state bid laws in contracting for goods and services and whether board members may be held responsible individually for acts of the employed staff.
This office has, for many years, taken the steadfast position that a judicial district indigent defender entity is a political subdivision whose governing body is the indigent defender board and that it has the consequent obligations and privileges belonging to political subdivisions generally, including being subject to the same state bid laws as are political subdivisions generally. Enclosed for your convenience is a copy of Opinion 77-163 wherein these conclusions were first reached by this office.
It should be noted, however, that a special statutory definition of the term political subdivision which is narrower than the usual legal meaning of political subdivision and which is, by its own terms, uniquely applicable only to the Louisiana Local Government Budget Law does not include indigent defender boards for purposes of that particular statute. See Opinion 82-531, a copy of which is enclosed.
It should also be noted that since Opinion 77-163 was issued, the Louisiana Legislature enacted Chapter 17 of Title 39 of the Revised Statutes of 1950 (R.S. 39:1551 et seq.), the Louisiana Procurement Code. Your attention is drawn to R.S.39:1554 (E), which states in pertinent part,
 "The procurement of supplies, services, major repairs, and construction by political subdivisions of this state shall be accordance with the provisions of R.S. 38:2181 through 38:2316, except that all political subdivisions are authorized to adopt all or any part of this Chapter and its accompanying regulations."
See also R.S. 39:1701 et seq. regarding intergovernmental procurement relations and cooperative purchasing. You should be made aware that, in this regard, the Purchasing Office of the Division of Administration, Office of the Governor, generally and usually has several useful and flexible contracts for the purchase of office equipment, supplies, law books, etc.
Other generic obligations and powers of an indigent defender board as a governing authority of a political subdivision have been opined to include the powers to adopt administrative rules and regulations for carrying out its constitutional and statutory purposes (Opinion 84-400, a copy of which is enclosed) and to provide hospitalization insurance and retirement plans for its employees (Opinions 79-1052 and 79-157, copies of which are also enclosed) and the obligation to comply with the Louisiana "Open Meetings" law (Opinion 77-176, a copy of which is enclosed).
In accordance with and for the reasons expressed in our prior discussion, we confirm the understanding that no official opinion will be issued on the potential tort liability of the board members for acts and omissions of board employees, as such an issue is purely the subject of future litigation before the courts and any speculation by us on such an issue without any of the factual circumstances in which such an issue might arise would really serve no useful purpose. Moreover, we know that you, as a lawyer, are cognizant of the recent judicial activitism in expanding the incidents and quantum of civil liability.
Trusting this opinion has fully answered your request, we are
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
BY: _____________________________ THOMAS S. HALLIGAN Assistant Attorney General TSH:jv
Enclosures
State of Louisiana DEPARTMENT OF JUSTICE WILLIAM J. GUSTE, JR. Baton Rouge ATTORNEY GENERAL 70804